UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| AMERICREDIT FINANCIAL SERVICES, INC. | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1-20-cv-00277-AJT-MSN |
| LECKNER CHEVROLET, LLC, et al., | ) ) ) | |
| Defendant. | ) ) | |

**REPORT & RECOMMENDATION**

This matter comes before the Court on plaintiff AmeriCredit Financial Services, Inc.'s ("AmeriCredit" or "plaintiff") Motion for Default Judgment (Dkt. No. 12). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in favor of the plaintiff for the reasons that follow.

**I.    Procedural Background**

On March 12, 2020, plaintiff filed a complaint seeking recovery of an outstanding loan balance from defendants Leckner Chevrolet and Carl Leckner ("Leckner"), in his individual capacity as guarantor. (Dkt. No. 1). On July 21, 2020, a summons to Leckner Chevrolet and a summons to Leckner were returned executed. (Dkt. Nos. 6, 7). The documents reflect service was effectuated at 8567 Blackfoot Court, Lorton, Virginia 22079 on Leckner in his individual capacity, and as owner and authorized agent of Leckner Chevrolet. *Id.* Defendants have not responded to the complaint. On September 4, 2020, plaintiff requested the Clerk of Court enter default against the defendants, and it was entered the same day. (Dkt. Nos. 8, 9). On October 30, 2020, plaintiff filed the instant motion for default judgment. (Dkt. No. 12). On November 13,

2020 a hearing was held via Zoom videoconference. Counsel for the plaintiff appeared by video, and no one appeared on behalf of the defendants. The Complaint alleges one count of breach of contract against the defendants. (Dkt. No. 1) at 9. Plaintiff seeks the total sum of $639,863.14 jointly and severally. (Dkt. No. 13) at 12.

## II.     Factual Background

The following facts are established by plaintiff's complaint (Dkt. No. 1), as well as by its memorandum in support of its motion for default judgment. (Dkt. No. 13).

Plaintiff is a Delaware Corporation that entered into a financing contract with defendant Leckner Chevrolet. Leckner served as guarantor of the loan. *Id.* at 1. The parties entered into a Master Loan Agreement on June 27, 2017, which provided for an extension of credit from AmeriCredit for floorplan advances and vehicles for defendants' business. *Id.* at 2. AmeriCredit maintained a security interest in the vehicles and defendants agreed that when a vehicle was sold, the amount would be promptly remitted to plaintiff. *Id.* at 3. The parties also entered into a Guaranty, whereby Leckner personally and unconditionally guaranteed payment of Leckner Chevrolet's debt to AmeriCredit. *Id.* at 6.

On April 23, 2019, Leckner Chevrolet defaulted by failing to hold the proceeds of a vehicle sale in trust for plaintiff. *Id.* at 7. On May 21, 2019, Leckner Chevrolet defaulted again by failing to make a timely payment to plaintiff. *Id.* On May 31, 2019, Leckner Chevrolet further defaulted by selling a vehicle and failing to hold the proceeds in trust for plaintiff. *Id.* In June and July 2019, Leckner Chevrolet continued to fail to make payments. *Id.* at 8. After negotiation, Leckner Chevrolet agreed to sign a Voluntary Surrender and turned over the collateral to plaintiff, who sold the collateral. *Id.* After the sale, defendants still owed a balance for the floorplan loan, attorney's fees and interest. *Id.* at 9. In the memorandum in support of default

judgment, plaintiff provides an accounting of the funds sought, which includes interest through October 27, 2020. This includes $176,784.84 for the floorplan principal balance, $274,053.38 for the term loan principal balance, $24,813.31 in term loan interest, $86,906.15 in floorplan interest, $1,610.97 for floorplan insurance, $89,755.16 for audit, auction, and lender rep fees and expenses, and $20,042.67 in offsets, in addition to lawsuit costs of $1,000 and attorney's fees of $5,000, totaling $639,863.14. (Dkt. No. 13) at 10-12.

### III.     Jurisdiction, Venue, and Service of Process

A court must have both subject matter and personal jurisdiction over a defaulting defendant before it can render a default judgment. The Court has subject matter jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the parties are citizens of different states. AmeriCredit is a Delaware corporation, with a principal place of business at 801 Cherry Street, Suite 3600, Fort Worth, Texas 76102. (Dkt. No. 13) at 1. Defendants are both citizens of Virginia. Leckner Chevrolet is a Virginia limited liability company with a principal place of business at 2832 Norborne Place, Oakton, Virginia 22124. *Id.* Defendant Leckner is a citizen of Virginia with a last known address of 2832 Norborne Place, Oakton, Virginia 22124. *Id.* at 2. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost. A court may exercise general or specific personal jurisdiction. "General personal jurisdiction requires 'continuous and systemic' contacts with the forum state." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (internal citations omitted). Because Defendant Leckner, as an individual resides within this district, and Leckner Chevrolet has a principal place of business in this district, this Court has general personal jurisdiction. *See*, *e.g.*, *KMLLC Media, LLC v. Telemetry, Inc.*, 2015 WL 6506308, at *4 (E.D. Va. Oct. 27, 2015) ("Absent exceptional

circumstances, the defendant is only subject to the general jurisdiction of the forum state if it is the defendant's domicile").

Defendants were successfully served process of a summons and the complaint by private process server on July 8, 2020. (Dkt. Nos. 6, 7). Defendants have failed to file any responsive pleading.

### IV.  Standard

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because Defendants have not answered or otherwise timely responded, the well-pleaded allegations of fact in the Complaint are deemed to be admitted.

### V.  Analysis

Having examined the record, the undersigned Magistrate Judge finds that the well-pleaded allegations of fact in the complaint (Dkt. No. 1), along with plaintiff's Motion for Default Judgment (Dkt. No. 12), support a finding that defendants are in default. Accordingly, the

undersigned recommends that plaintiff is entitled to its requested relief, specifically an entry of default judgment against defendants, jointly and severally, in the amount of $639,863.14.

Plaintiff's well pleaded allegations of fact conclude that a valid loan agreement existed between Leckner Chevrolet and plaintiff and that it was personally guaranteed by defendant Leckner in his individual capacity. Defendants further confirmed their obligation by agreeing to a voluntary surrender of collateral. They now owe the remaining balance. Defendants had proper notice of this action and have failed to assert any meritorious defense. Plaintiff is entitled to recover the remaining balance due on the loan, including attorney's fees and interest, which was contemplated in the contract.

### VI. Recommendation

For the foregoing reasons, the undersigned recommends:

1) Granting plaintiff's Motion for Default Judgment (Dkt. No. 12);

2) Entering judgment in the amount of $639,863.14.

### VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendants at their addresses for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

November 17, 2020
Alexandria, Virginia